UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

RODOLFO HERNANDEZ ARAGON,

Petitioner,

v.

CHRISTOPHER LAROSE, Warden, Otay Mesa Detention Center; GREGORY ARCHAMBEAULT, San Diego Field Office Director, U.S. Immigration and Customs Enforcement; DAVID J. VENTURELLA, Acting Director, U.S. Immigration and Customs Enforcement; MARKWAYNE MULLIN, Secretary, U.S. Department of Homeland Security; TODD BLANCHE, Attorney General of the United States,

Respondents.

Case No.: 3:26-cv-5654-JES-DDL

**ORDER GRANTING WRIT FOR PETITION OF HABEAS CORPUS**

**[ECF No. 1]**

Before the Court is Petitioner Rodolfo Hernandez Aragon's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. ECF No. 1 ("Pet."). Pursuant to the Court's OSC order (ECF No. 2), Respondents filed a Return and Petitioner filed a Traverse. ECF

Nos. 4 ("Return"), 5 ("Trav."). After due consideration and for the reasons set forth below, the Court **GRANTS** the petition.

## I. BACKGROUND

Petitioner is a native of Cuba who came to the United States in November 2022. Pet. ¶ 21. Respondents detained Petitioner near the Lukeville, Arizona, port of entry and issued him a notice to appear. *Id.* ¶¶ 21–22. Respondents then released Petitioner on conditional parole. Return at 2.

For the next four years, Petitioner remained at liberty in the United States, where he sought adjustment of status under the Cuban Adjustment Act, attended all his required ICE check ins and court hearings, and received work authorization, a social security card, and a driver's license. Pet. ¶¶ 23, 25. An immigration judge pretermitted Petitioner's adjustment-of-status application in August 2025, and Petitioner's appeal of that decision remains pending. *Id.* ¶ 24.

On September 23, 2026, Respondents stopped Petitioner "without apparent cause" while Petitioner was driving to work. *Id.* ¶ 25. Petitioner was detained and ultimately transferred to Otay Mesa Detention Center, where he remains in custody. *Id.* ¶¶ 25–26.

## II. LEGAL STANDARD

A writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2). "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). A court may grant a writ of habeas corpus to a petitioner who demonstrates to be in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3). Traditionally, "the writ of habeas corpus has served as a means of reviewing the legality of Executive detention, and it is in that context that its protections have been strongest." *I.N.S. v. St. Cyr*, 533 U.S. 289, 301 (2001). Accordingly, challenges to immigration-related detention are within the purview of a district court's habeas

jurisdiction. *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001); *see also Demore v. Kim*, 538 U.S. 510, 517 (2003).

## III. DISCUSSION

Petitioner alleges that Respondents violated his Fifth Amendment right to due process by failing to provide him with written notice or a hearing before a neutral decisionmaker prior to his re-detention. Pet. ¶ 40. Respondents' Return provides an abbreviated response to the Petition. *See generally* Return. They concede that Petitioner is subject to discretionary detention under 8 U.S.C. § 1226(a) and not mandatory detention under 8 U.S.C. § 1225 for reasons set forth in *Rodriguez Vazquez v. Bostock*, 183 F.4th 1160 (9th Cir. 2026). *Id.* at 1. They then state that they "do not oppose" the Court awarding Petitioner a bond hearing. *Id.* at 2. In his Traverse, Petitioner alleges that immediate release, not merely a bond hearing, is the appropriate remedy for Respondents' due process violation. Trav. at 3.

The Court discusses the merits of Petitioner's due process claim, including the appropriate form of relief, below.

### A. Petitioner was Entitled to Due Process

Many courts, including this one, have repeatedly held that a prior grant of parole raises a liberty interest for the petitioner and entitles the petitioner to due process rights under procedural due process. *See, e.g.*, *Rivera v. Warden, Otay Mesa Det. Ctr.*, No.: 26-cv-375-JES-AHG, 2026 WL 310193, at *2–3 (S.D. Cal. Feb. 5, 2026); *Besalti v. LaRose*, No.: 26-cv-270-JES-JLB, 2026 WL 242042, at *2–3 (S.D. Cal. Jan. 29, 2026); *Singh v. LaRose*, No.: 26-cv-0556-JES-VET, 2026 WL 353355, at *2–3 (S.D. Cal. Feb. 9, 2026); *Ramales v. LaRose*, No. 26-CV-501-JES-DEB, 2026 WL 280216, at *2–3 (S.D. Cal. Feb. 3, 2026); *Minhas v. Bondi*, No.: 26-cv-492-JES-BLM, 2026 WL 280220, at *2–3 (S.D. Cal. Feb. 3, 2026). Petitioner was previously paroled by the government in November 2022. Pet. ¶¶ 21–22. Accordingly, this Court adopts its prior reasoning and finds that Petitioner was entitled to due process rights under procedural due process.

//

**B. Respondents Failed to Comply with Procedural Due Process**

Procedural due process guarantees notice and an individualized hearing before a neutral decisionmaker to assess danger or flight risk before the revocation of an individual's release. *See Goldberg v. Kelly*, 397 U.S. 254, 267 (1970) ("The fundamental requisite of due process of law is the opportunity to be heard . . . . at a meaningful time in a meaningful manner."). "In practice, [] DHS re-detains individuals only after a 'material' change in circumstances. To satisfy due process, those changed circumstances must represent individualized legal justification for detention." *Sanchez v. LaRose*, No. 25-cv-2396-JES-MMP, 2025 WL 2770629, at *3 (S.D. Cal. Sept. 26, 2025) (internal citations omitted); *see also Van Tran v. Noem*, No.: 25-cv-2334-JES-MSB, at *6–7 (S.D. Cal. Sept. 29, 2025) (citing *Ying Fong v. Ashcroft*, 317 F. Supp. 2d 398, 403 (S.D.N.Y.2004)). Where DHS terminates parole without complying with these procedural prerequisites, the resulting detention is unlawful. *See Arias v. LaRose*, No. 3:25-cv-02595-BTM-MMP, 2025 WL 3295385, at *2–4 (S.D. Cal. Nov. 25, 2025) (holding that unlawful parole revocation renders subsequent detention unauthorized).

Petitioner claims that he did not receive any notice of revocation of his release, nor any opportunity to be heard, before he was re-detained on September 23, 2026. Pet. ¶ 41. Respondents do not contest these allegations, nor do they provide evidence of any changed circumstances that would justify the revocation of Petitioner's parole. *See generally* Return. On this record, the Court finds that Respondents violated Petitioner's due process rights when they re-detained him in September 2026, rendering his present detention unlawful.

**C. Release is the Proper Remedy**

Where the Government unlawfully detains a noncitizen—as is the case here—an order directing a bond hearing cannot adequately remedy the harm, because such a hearing "cannot serve as an adequate procedural safeguard" where "it is after the fact and cannot prevent an erroneous deprivation of liberty." *E.A. T. -B. v. Wamsley*, 795 F. Supp. 3d 1316, 1324 (W.D. Wash. 2025); *see also Domingo v. Kaiser*, No. 25-cv-05893 (RFL), 2025 WL

1940179, at *3 (N.D. Cal. July 14, 2025) ("[E]ven if Petitioner[] received a prompt post-detention bond hearing under 8 U.S.C. § 1226(a) and was released at that point, he will have already suffered the harm that is the subject of his motion; that is, his potentially erroneous detention.").

Given the unlawfulness of Petitioner's present detention, this Court finds that immediate release, rather than a bond hearing, is the appropriate remedy. *See Mata Velasquez v. Kurzdorfer*, 794 F. Supp. 3d 128, 154 (W.D.N.Y. 2025).

## IV. CONCLUSION

Thus, the Court **GRANTS** Petitioner's writ of habeas corpus. Respondents are **ORDERED** to **<u>immediately</u>** release Petitioner from custody, subject to any conditions of his prior release that existed at the time he was re-detained. The Parties are **ORDERED** to file a Joint Status Report by **<u>October 30, 2026</u>**, confirming that Petitioner has been released. The Clerk of Court is **ORDERED** to **CLOSE** this case.

**IT IS SO ORDERED.**

Dated: October 23, 2026



Honorable James E. Simmons Jr.
United States District Judge